## In re AMERICAN PILE FABRICS CO.
### No. 17911.

District Court, E. D. Pennsylvania.
Sept. 19, 1935.

M. Jacob Markmann, of Philadelphia, Pa., for petitioner.

Henry Panfil, of Moore, Gossling & Panfil, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge.

As the review is really of a fact finding by the referee, we have withheld an opinion until we could go over the testimony and evidence.

█ The cause has some unusual features, but broadly may be said to present the question of whether a mortgage of real estate is a lien upon personal property brought upon the mortgaged premises. The Pennsylvania law of this broad question may be accepted as settled. If the property in dispute is part of the mortgaged real estate, it is subject to the lien of the mortgage thereon. If it is not real estate, it is not so subject. Whether it is real estate or personalty is determined by the law of fixtures. Was what would otherwise be personal property, brought upon the mortgaged real estate under such circumstances, and is it, of such a character as to have become a realty fixture and hence real estate? The old test of physical attachment and capability of removal without injury to the freehold is no longer the sole test. The question has become one of intention. We have now a new word. In addition to the old phrases of real estate and personalty, of freehold and fixtures, we have the word plant. This is applied to manufacturing premises equipped with machinery and appliances required for the carrying on of the business there conducted. It is an all-embracing term expressive of land, buildings, and the equipment of the business conducted on the premises, as not merely the place of business, but as the means of carrying it on. The plant is an entity in itself wholly distinct from the land, buildings, machinery, and appliances which compose it. It likewise, as a plant, may have, and almost always does have, a much greater value in its entirety than the aggregate value of the land with the buildings and the equipment sold separately. It is, in consequence, of practical importance to a mortgagee whether his security is that of the plant in its entirety or only the land with its buildings after the plant has been dismantled and the equipment removed. The real question thus becomes whether the mortgage which he holds is a mortgage of the plant or only of the land, with its buildings, without the plant equipment. When, as in the instant case, we have land and buildings in the ownership of one, a mortgage given to another, and a plant equipment brought upon the premises by a third party and the latter the subject of bankruptcy, we have or at least may have two questions presented. The underlying and final one is whether the equipment part of the plant is real estate, and hence subject to the lien of the mortgage, or whether it is personal property, and hence part of the bankruptcy assets. There is, however, a preliminary question. Both are raised by an application for an order to sell the equipment as personal property separated from the plant. This raises the underlying question, because if the equipment is not personal property, but real estate, it is not a bankruptcy asset and should not be sold as such. It may, however, be sold reserving the claim of ownership and lien, the proceeds to be held subject to the like claim as that to the property so sold. Whether such qualified order should be made may raise a question of practical importance. The equipment, if part of the real estate, may contribute to the latter, as a plant, a value far greater than the sum for which the equipment sold as personalty separated from the plant, would bring. The mortgagee asserts such to be the case here. Hence the opposition to the order in toto. The question thus becomes whether the property which is the subject of the order belongs to the bankruptcy estate, the answer to which is the answer to what we have called the underlying question. This makes of the order the equivalent of an order in a reclamation proceeding by which the title of the claimant has been denied. It is so discussed by counsel and was so treated by the referee and will be so considered.

We have said that the sole test of what are real estate fixtures is no longer determined by the test of physical attachment and removability without injury to the freehold. The test under the law of Pennsylvania is intention. There are to be found in the discussion of the subject some loose expressions from which the inference might be drawn that the intention meant was an intention to pledge the equipment for the payment of the mortgage debt. This may have an evidentiary value in finding the intention meant, but it is not in itself the intention. This must be so because sometimes, as here, the one who brought the equipment upon the premises is neither the

mortgagor nor the owner of the real estate, so that the mortgagor could not pledge it. The real intention is to incorporate the equipment with the mortgaged property so as to make of it real estate. If what is brought upon the premises continues to be personalty, a declared intention to pledge it for the mortgage debt and an express specific pledge of it would at the most make of the mortgage, as to the personal property, not a real estate, but a chattel mortgage. The intention to make chattels real estate is not a declared or even formulated intention, but an imputed one.

The finding is that the legal effect of what the owner of the equipment did was to make of what would otherwise be personalty, chattels real. As clear a summary as could be framed of what constitutes this is that expressed in the opinion in Silliman v. William Whitmer & Sons, 11 Pa. Super. 243.

The very capable counsel for the mortgagee accurately stated the question presented when, in the petition for review, he assigned for error that the referee had not found that "all of the (property directed to be sold) is part of the realty and bound by the lien of petitioner's mortgage and not the property of the bankrupt." When, as here, we have the fact situation of real estate premises owned by one and mortgaged and then leased to another, a touchstone of whether what would otherwise be personal property has become part of the real estate is afforded by supposing an attempt at removal by the tenant and a writ of estrepement issued or bill in equity filed by the landlord to restrain the removal as the commitment of waste.

The learned referee has so fully, adequately, and indeed admirably discussed the vital considerations controlling his ruling that there is no need to do more than touch upon the high spots of the argument addressed to us by the petitioner for the review.

The referee has disclosed the marrow in the bone of the contention by his comment that if the question arose between a mortgagor and mortgagee, it would present no difficulties. It is really one between a tenant and his landlord. The mortgagee acquired no greater rights under its mortgage than what its mortgagor could convey. Beyond doubt it acquired a lien upon the mortgaged real estate premises, including machinery, appliances, and equipment owned by the mortgagor. The mortgagor, however, could neither pledge the personal property of another which happened to be then on the premises, nor what was brought to the premises thereafter. Whatever became the property of the landlord by being incorporated with the real estate, it could pledge. The difficulty of the petitioner is that it has been found that the property in question did not become part of the real estate, and hence not the property of the mortgagor landlord. It is true that the organizers of this business followed the now common practice of dividing its activities. When the stock of such companies is sold on the market, there is a practical reason for forming as many as may be. There is that much more stock for sale. When, however, all the stock is closely held and not sold generally, there would not seem to be any real reason for having as here one company to own the real estate and be the landlord of another which would lease the real estate and conduct the business contemplated. It is natural for one, who is benefited by so doing, to claim that all the corporations are one and the same. They cannot, however, be so treated. The creditors of the fabric company could not resort to the real estate holding of the realty company, if it had a surplus, and by the same token the property of the fabric company cannot be taken from its creditors to pay the debts of the realty company.

Counsel for the trustee fairly sums up the argument in his statement that the petitioner for the review relies upon fact findings, every one of which has been made against it by the referee.

There is perhaps one other feature upon which we should touch. We have said the question is one between landlord and tenant. The question thus becomes one of contract. If the tenant has agreed to leave upon the premises the property which he brings there, he makes of it real estate. It is asserted that this bankrupt so agreed. The referee has, however, found otherwise, and we think rightly. It is true the tenant did agree that all additions and improvements to the real estate should become the property of the landlord. They would have so become without the expressed agreement. This, however, does not mean that

all personal property belonged to the landlord. The exception of one piece of property which would otherwise have been a fixture emphasizes that the tenant was to leave only real fixtures.

A few days before the order under review was made by the referee, the Circuit Court of Appeals for this Circuit handed down, under date of July 19, 1935, in the case of Union Bldg. Co. v. Pennell, 78 F.(2d) 959, an opinion which in contrast with the instant case throws a flood of light upon the real question presented. If the opinion in that case is read together with the opinion of the learned referee in this case, the vexing question of when, as between a lessor and lessee, personal property brought upon real estate premises becomes part thereof by being incorporated with the real estate, and, when it does not, is made easier of decision. There the disputed items were adjudged to be real estate; here the referee, and we think properly, adjudged them to be personalty.

To give definiteness of date to the decree when made, none is now entered, but a formal decree dismissing the petition for a review, approving the findings of the referee, and affirming and confirming the order of the referee, may be submitted.